KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

DAVID G. MANGUM (*pro hac vice*)
C. KEVIN SPEIRS (*pro hac vice*)
MICHAEL R. MCCARTHY (*pro hac vice*)
ecf@parsonsbehle.com
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

Attorneys for Defendant
KAVO DENTAL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUNSTONE DENTAL, LLC,

Plaintiff,

v.

KAVO DENTAL GMBH, a business form unknown; KAVO DENTAL CORPORATION, an Illinois corporation,

Defendants.

AND RELATED COUNTERCLAIMS

CASE NO. CV09-02147 ODW (PJWx)

The Honorable Otis D. Wright II

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

**STIPULATION RE CONFIDENTIAL INFORMATION**

This stipulation is entered into between and among Plaintiff Sunstone Dental, LLC and Defendant Kavo Dental Corporation (collectively, the “Parties” ), through their respective counsel of record.

The Parties stipulate and agree that they have discussed the production of certain documents that the producing Parties contend contain confidential information. The Parties reasonably desire to protect the confidentiality of such information and stipulate and agree that it is appropriate to do so as set forth in the [Proposed] Stipulated Protective Order, attached hereto and concurrently lodged with the Court.

Therefore, the Parties request that the Court enter the [Proposed] Stipulated Protective Order in the form attached hereto.

DATED: June 22, 2009

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Karin G. Pagnanelli
Karin G. Pagnanelli

David G. Mangum
C. Kevin Speirs
Michael R. McCarthy
PARSONS BEHLE & LATIMER

Attorneys for Defendant
KAVO DENTAL CORPORATION

DATED: June 22, 2009

By: /s/ William D. Chapman
Steven C. Smith
William D. Chapman
Robert J. Hadlock
SMITH, CHAPMAN & CAMPBELL

William C. Bollard
JULANDER, BROWN & BOLLARD

Attorneys for Plaintiff
SUNSTONE DENTAL, LLC

This Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by the parties.

Therefore, IT IS ORDERED as follows:

1. This Protective Order shall be applicable to and govern all documents or information properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY that are produced or exchanged in this action, including such documents or information produced voluntarily in the course of settlement discussions or negotiations, in initial disclosures, depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure and other information which is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY hereafter furnished by or on behalf of a party or nonparty in connection with this action. According to paragraph 17 below, this Protective Order shall not apply to, and shall not restrict a party's use of, any information, document or item a party has obtained independently of a production or disclosure that was made under a confidentiality designation, even if the independent information, document or item is identical or similar to information or a document or an item that has separately been produced or disclosed under a confidentiality designation.

2. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies as a trade secret or as confidential information. Should any party challenge a designation, the parties shall meet and confer regarding the designation before seeking the Court's involvement. The burden of persuasion in any such challenge proceeding shall be on the producing party. Until the Court rules on the challenge, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the producing party's designation. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. In designating material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, a party shall make such a designation only as to material which that party in good faith believes comprise or reflect proprietary or other confidential information used by it in, or pertaining to, its business which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, such as trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.

4. CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be used by the parties to this litigation solely for the purpose of conducting this litigation (including the evaluation and negotiations of settlement), and not for any other purpose whatsoever.

5. Material designated as CONFIDENTIAL may be disclosed only to the following persons:

(a) Any party to this action, as well as any employee, agent, insurer, or other representative of those persons, to the extent any such persons have a need to know the material in order to assist in or evaluate the litigation. Before being provided such material, any such person (other than parties and employees of parties) shall sign the certificate and agreement to be bound in the form of Exhibit A hereto.

(b) Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, clerical

employees and contractors, and outside stenographic and copying services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

(c) Persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, including but not limited to such experts as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of such material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation or determine whether they should be retained or designated as an expert or a consultant. Such persons must execute an undertaking in the form of Exhibit A hereto prior to such disclosure.

(d) The author of the document or the original source of the information, any person the document or information on its face indicates had previously received or reviewed it independently of discovery in this action, any person who is identified in another document or another witness's testimony as having previously received or reviewed the document or information independently of discovery in this action, and any other person as to whom, by way of deposition testimony or by agreement of the parties, a foundation has been laid that otherwise shows the witness to be likely to have known the contents of the document or information independently of discovery in this action.

(e) Any other persons who are authorized to receive such material by order of this Court, after notice to the parties, or by written stipulation of the parties.

(f) The Court and Court personnel, and court reporters and their staff.

6. Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY may be disclosed only to the following persons:

(a) Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, clerical employees and contractors, and outside stenographic and copying services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

(b) Persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, including but not limited to such experts as accountants, statisticians, economists, industry or technical experts; provided that such persons are independent (not employees) of the party and have not been an employee for at least one (1) year; further provided that the disclosure of such material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation or determine whether they should be retained or designated as an expert or a consultant. Such persons must execute an undertaking in the form of Exhibit A hereto prior to such disclosure.

(c) The author of the document or the original source of the information, any person the document or information on its face indicates had previously received or reviewed it independently of discovery in this action, any person who is identified in another document or another witness's testimony as having previously received or reviewed the document or information independently of discovery in this action, and any other person as to whom, by way of deposition testimony or by agreement of the parties, a foundation has been laid that otherwise shows the witness to be likely to have known the contents of the document or information independently of discovery in this action.

(d) Any other persons who are authorized to receive such material by order of this Court, after notice to the parties, or by written stipulation of the parties.

(e) The Court and Court personnel, and court reporters and their staff.

7. Nothing herein shall prevent any party from presenting CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY information or documents from a producing party's own files to any person.

8. Prior to disclosing materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY to any receiving party's expert witness, expert consultant, employee, or other persons identified in subparagraphs 5(a), 5(c) and 6(b) above, the receiving party shall first give written notice to the producing party that it desires to disclose such information to such person, and thereafter the producing party shall have seven (7) calendar days after such notice is received to object in writing. In regard to an expert witness or expert consultant, the party desiring to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY information to such a person shall provide the curriculum vitae of each such individual and a signed copy of the Agreement found in Exhibit A for that individual. No CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY information shall be disclosed to any person designated under subparagraphs 5(a), 5(c) or 6(b) until after the expiration of the foregoing notice period. Such objection must be made for good cause and in writing, and must state with particularity the reasons for the objection. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the seven (7) calendar day objection period, unless that period is waived by the producing party or, if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

9. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material that is provided under this Protective Order shall use such material only for purposes of this litigation and shall maintain such

material in a manner intended to preserve, and shall use its best efforts to maintain, the confidentiality of such information.

10. Parties shall designate CONFIDENTIAL and or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material as follows:

(a) In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend, as is appropriate, on each page of any such document prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

(b) In the case of depositions, designation of those transcripts (including exhibits) which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be made by a statement to such effect on the record during the course of the deposition by any counsel. Counsel shall attempt to identify and designate in good faith those portions of the transcript and exhibits which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material, and those portions of the transcript and exhibits so identified shall be separately marked by the court reporter as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material. Counsel may also designate such materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY by, within thirty (30) days after the mailing of the transcript to counsel by the court reporter, designating portions of the transcript and exhibits as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material by serving notice upon all other parties. Such notice shall specify the particular portions of the transcript that counsel wishes to designate as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material by listing on a separate sheet of paper the numbers of the pages of the transcript and exhibits containing

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material so that the sheet may be affixed to the face of the transcript and each copy thereof. If no designation is made by a statement to such effect on the record during the course of the deposition or within thirty (30) days after the mailing of the transcript to counsel by the court reporter, the transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material. Portions of the transcript (including exhibits) designed as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY may only be disclosed in accordance with the terms of this Protective Order.

(c) A party furnishing documents and things to another party for inspection shall have the option to require that all or batches of documents and things be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

11. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective order from the Court. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

12. In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material is used in any court proceeding in connection with this litigation, it shall be filed under seal in the manner required by Local Rule 79-1.

13. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees with any such designation at any time during the pendency of this action, such party shall provide to the designating party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burdens of proving that material has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, that such material is of a trade secret or other confidential nature requiring its continuing protection, is on the party making such designation.

14. Nothing in this Protective Order shall preclude any party to the lawsuit or its counsel: (a) from showing a document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY. However material previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY shall lose its protected status under this Order if it is intentionally used or disclosed under this paragraph in any manner contrary to its confidentiality designation.

15. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material consents in writing to such disclosure, or if a Court orders such disclosure. A party requested to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS EYES ONLY material to a nonparty in a validly served subpoena, civil investigative demand, discovery procedure, or other formal discovery request shall give notice of such request, by e-mail and first class mail, upon counsel of record for the party which designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY as soon as is reasonably possible.

16. The inadvertent or unintentional disclosure by the disclosing party of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not in and of itself be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material that was inadvertently or unintentionally disclosed.

17. This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) that was developed by a party independently of any disclosure by a designating party.

18. Within ninety (90) days after the termination of litigation between the parties by final, fully signed settlement agreement or by conclusion of all available appeals or exhaustion of all time periods for such appeals, all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material and all copies

thereof shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party upon the producing party's request; provided, however, that each outside counsel may retain copies of all notes, memoranda, and other work product materials, as well as pleadings, motions, memoranda, and trial briefs (including all supporting and opposing papers and exhibits), written discovery requests (and responses), deposition transcripts and exhibits, trial transcripts, and exhibits offered or introduced into evidence at trial. Such retained copy of pleadings and papers shall be maintained in a file accessible only by individuals who are bound by this Protective Order, and only to the extent that Order otherwise allows them access. This Protective Order shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material.

19. CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material filed with the Court, and any pleadings or memoranda reproducing or quoting the confidential portion of any material bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY designation, shall be filed in sealed envelopes under the seal of this Court in accordance with Local Rule 79-5.1, and shall not be available for public inspection without further order of the Court. Except for Court personnel, no such envelopes containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material shall be opened without an order from this Court identifying the person or persons who may have access to the sealed material and specifically identifying which portions of the designated material may be revealed to them.

20. A nonparty producing information or material voluntarily or pursuant to a subpoena or court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any

party to this lawsuit, provided that such nonparty complies with the provisions of this Order. A nonparty's use of this Order to protect its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material does not entitle that nonparty access to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY material produced by any party in this case.

21. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s), without making any further use of such documents(s), and shall immediately destroy any notes or other writings that summarize, reflect or discuss the privileged or protected content of such document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

IT IS SO ORDERED.

Dated: 6/29/09

Honorable Patrick J. Walsh
United States Magistrate Judge

# EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I,_______________________________ [print or type full name], declare under penalty of perjury under the laws of the United States that I have read in its entirety and understand the Stipulated Protective Order that was issued on ____________________, 2009 in the case of Sunstone Dental, LLC v. Kavo Dental Gmbh, et al., in the United States District Court of the Central District of California, Case No. CV 09-02147 ODW (JDWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Case referenced above.

I hereby appoint _______________________________ [print or type full name] of _______________________________ [print or type full address and telephone number] as my California agent for service of process in connection with future proceedings for enforcement of this Stipulated Protective Order.

Date: _______________________________

City, State and Country where signed: _______________________________

Printed name: _______________________________

Signature: _______________________________