| | |
|---|---|
| 1<br>2<br>3<br>4 | KARIN G. PAGNANELLI (SBN 174763)<br>kgp@msk.com<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Telephone:  (310) 312-2000<br>Facsimile:  (310) 312-3100 |

**JS-6**

1 KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
2 MITCHELL SILBERBERG & KNUPP LLP
  11377 West Olympic Boulevard
3 Los Angeles, California 90064-1683
  Telephone:  (310) 312-2000
4 Facsimile:  (310) 312-3100

5 DAVID G. MANGUM (*pro hac vice*)
  C. KEVIN SPEIRS (*pro hac vice*)
6 MICHAEL R. McCARTHY (*pro hac vice*)
  ecf@parsonsbehle.com
7 PARSONS BEHLE & LATIMER
  201 South Main Street, Suite 1800
8 Salt Lake City, Utah 84111
  Telephone:  (801) 532-1234
9 Facsimile:  (801) 536-6111

10 Attorneys for Defendant
     KAVO DENTAL CORPORATION
11

12           UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSTONE DENTAL, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KAVO DENTAL GMBH, a business form unknown; KAVO DENTAL CORPORATION, an Illinois corporation,<br><br>Defendants. | CASE NO.  CV09-02147 ODW (PJWx)<br><br>The Honorable Otis D. Wright II<br><br>**FINAL JUDGMENT** |
| KAVO DENTAL CORPORATION, an Illinois corporation,<br><br>Counterclaimant,<br><br>v.<br><br>SUNSTONE DENTAL LLC, a California Limited Liability Company,<br><br>Counterclaim defendant. | |

4812-0296-3974.1

1  The Court enters Final Judgment as follows:

2  In its Complaint, plaintiff and counterclaim defendant Sunstone Dental LLC ("Sunstone") accused defendant and counterclaimant KaVo Dental Corporation ("KaVo") and KaVo Dental, GmbH, of infringement of United States Patent No. 5,554,896 ("the '896 patent") through the making, importing, distributing, using, selling, and/or offering for sale of certain products, including products marketed under the name "ELECTROtorque" (collectively "accused products").

In response to Sunstone's Complaint, KaVo asserted various defenses and asserted declaratory judgment counterclaims for noninfringement and invalidity of the '896 patent. In response to KaVo's counterclaims, Sunstone asserted various defenses.

Following a *Markman* hearing on April 12, 2010, this Court issued a Claim Construction Order [Dkt. # 55] on May 13, 2010, interpreting certain terms in the '896 patent claims.

On August 10, 2010, KaVo filed a Motion for Summary Judgment for Noninfringement Based on the Court's Claim Construction. After full briefing by the parties, and after holding a hearing on the motion on October 18, 2010, this Court orally granted the motion at that hearing. The Court issued an Order Granting Defendants' Motion for Summary Judgment of Noninfringement [Dkt. # 71] on October 22, 2010. Based on the Court's interpretations of the claim terms "variable voltage controller" in claims 1-4 and 16, "foot controller" in claims 5-14 and 17-20, and "variable power controller" in claim 15, this Court held that KaVo did not infringe any of claims 1 through 20 of the '896 patent.

As a result, Sunstone's only claim in the lawsuit – the claim for infringement of the '896 patent – has been decided on the merits and is dismissed with prejudice. KaVo's declaratory judgment counterclaim for noninfringement of that patent has likewise been decided on the merits for the same reason.

//

On November 1, 2010, Sunstone and KaVo filed a Stipulation wherein, among other things, they agreed to dismissal of Sunstone's claim for infringement of the '896 patent against KaVo Dental, GmbH, a named defendant who has never been served in this case, for the same reasons expressed in the Court's Summary Judgment Order; and agreed to dismissal, without prejudice of KaVo's declaratory judgment counterclaim for invalidity of the '896 patent under Fed. R. Civ. P. 41(a)(1)(A)(ii) and 41(c).

Because there are no remaining claims in this case, and because there are no remaining issues for the Court to decide and no reason why Final Judgment should not be entered, based on the Court's Claim Construction Order, the Court's Summary Judgment Order, and the parties Stipulation,

IT IS ORDERED AND ADJUDGED as follows:

1. Sunstone's claim for patent infringement against Kavo and KaVo Dental, GmbH is dismissed with prejudice because that claim and KaVo's declaratory judgment counterclaim of noninfringement have been decided on the merits.

2. KaVo's declaratory judgment counterclaim for invalidity of the '896 patent is dismissed without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. That counterclaim may be refiled by KaVo if the Court's Summary Judgment Order and/or Final Judgment in this case is reversed or vacated on any appeal.

3. KaVo is awarded its costs and may file a bill of costs and/or motion for attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure within 30 days after a mandate issues from the United States Court of Appeals for the Federal Circuit, in the event this Court's Summary Judgment Order and/or Final Judgment is not vacated or reversed on appeal, or 20 days after the deadline passes for filing a Notice of Appeal, in the event Sunstone does not file a Notice of Appeal.

1       4.      All defenses of Sunstone and KaVo are preserved and may be reasserted, if necessary, if this Court's Summary Judgment Order and/or Final Judgment in this case is reversed or vacated on any appeal.

WHEREFORE, it is ORDERED that plaintiff and counterclaim defendant Sunstone Dental, LLC take nothing, that this lawsuit is dismissed on the merits, and the case closed.

ENTERED on November 3, 2010.

_____
OTIS D. WRIGHT II
United States District Judge

Approved as to form:

By: /s/ David G. Mangum
　　Karin G. Pagnanelli
　　MITCHELL SILBERBERG & KNUPP LLP

　　David G. Mangum
　　C. Kevin Speirs
　　Michael R. McCarthy
　　PARSONS BEHLE & LATIMER


By: /s/ William D. Chapman
　　Steven C. Smith
　　William D. Chapman
　　Robert J. Hadlock
　　SMITH CHAPMAN & CAMPBELL

　　William C. Bollard
　　JULANDER, BROWN & BOLLARD